# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. RODRIGUEZ,<br><br>    Defendant. | Case No. 1:14-cv-01375 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Arthur T. Bussiere ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. The action was transferred to this Court on August 29, 2014. He names Lt. F.A. Rodriguez as the sole Defendant.[1]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 5, 2014.

1 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C.
2 § 1915(e)(2)(B)(ii).
3       A complaint must contain "a short and plain statement of the claim showing that the pleader
4 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6 do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
7 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
8 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual
9 allegations are accepted as true, legal conclusions are not. Id.
10       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
11 federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
12 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
13 Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or
14 omissions of each named defendant to a violation of his rights; there is no respondeat superior
15 liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
16 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
17 Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim
18 for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
19 The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.
20 at 678; Moss, 572 F.3d at 969.
21 **B.     PLAINTIFF'S ALLEGATIONS**
22       Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility
23 ("CSATF") in Corcoran, California, where the events at issue occurred.
24       Plaintiff alleges that Defendant Rodriguez called "no less than six mandatory meetings on the
25 yard to include Memorial Day and the 4th of July," to make speeches insulting mobility impaired
26 inmates. According to Plaintiff, Defendant Rodriguez called the mobility impaired "fat and lazy,"
27 said "we were all faking our disabilities so that we did not have to work," and smelled like "piss and
28 shit." ECF No. 6, at 3. Defendant Rodriguez also said that they sold their pain meds on the yard,

and that "we could kiss his ass" if we didn't serve in the military.  Defendant swore and yelled, and had a deaf inmate thrown against the wall when he asked for an interpreter.  Plaintiff alleges that Defendant Rodriguez has a "Hitler complex."  ECF No. 6, at 3.

For relief, Plaintiff requests that the Court have Defendant removed from CDCR because he has lost his mind.  He also asks that ADA repairs be performed and states that the requested repairs are listed on "the IAC forms."[2]  ECF No. 6, at 3.

## C. **DISCUSSION**

### 1. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff's allegations are nothing more than verbal harassment by Defendant Rodriguez.  Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

---

[2] There are no exhibits attached to the complaint.  However, this case was opened after Plaintiff filed a letter to Judge Henderson in the Northern District of California.  There are three Inmate Advisory Council ("IAC") forms attached to the letter seeking (1) safety stickers on the floors in the bathroom and shower; (2) n increase in air conditioning/circulation; and (3) better wheelchair access through a certain door.

Plaintiff therefore fails to state a claim against Defendant Rodriguez.

Insofar as Plaintiff raises Defendant Rodriguez's treatment of a deaf inmate, Plaintiff cannot state a claim based on the treatment of others.

### 2. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Although Plaintiff references "ADA repairs" in his requested relief, his complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities at CSATF by reason of his disability. Failing to perform requested repairs does not state a claim under the ADA. Moreover, individual capacity suits against individual prison employees are precluded under the ADA. E.g., Heinke v. Cnty. of Tehama Sheriff's Dept., No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); Mosier v. California Dep't of Corr. & Rehab., No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

4

**D.     ORDER**

Plaintiff's complaint does not state any claims for relief.  Given the nature of the deficiencies, leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

IT IS SO ORDERED.

Dated:     **February 22, 2015**                       /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE